IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV439-03-MU

IVAN HARVEY,                                    )
                                                )
       Plaintiff,                                )
                                                )
v.                                              )
                                                )           **O R D E R**
MR. NEELY; MR. DALRYMPLE; SGT. MULLIS           )
MR. BULLOCK.,                                   )
                                                )
       Defendants.                              )
                                                )

      **THIS MATTER** is before this Court on initial review of Plaintiff's civil rights Complaint filed pursuant to 42 U.S.C. § 1983 (Document No. 1) filed on October 9, 2009.

      In his Complaint, Plaintiff alleges that Sergeant Mullis sexually assaulted him and that he is not safe as the staff is trying to kill him and he has been beaten many times. (Complaint at 3.) He also contends "they also denied me medical treatment." (Id.)

      First, the Court notes that Plaintiff's conclusory claims are insufficient to state a claim for relief. Indeed, in order to survive a review for frivolousness, a plaintiff cannot rely on "conclusory allegations." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996), citing White v. White, 886 F.2d 7221, 723, 24 (4th Cir. 1989). Accord Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (plaintiff "must present more than naked allegations" to survive dismissal).

      Here, Plaintiff's claims are conclusory in that they are mere naked allegations with no factual support. Indeed, it is not even clear when or where these allegations took place and in

what context. Moreover, the Court has reviewed the grievances attached to Plaintiff's Complaint, which are characterized as "emergency grievances" and do not appear to be exhausted,[1] and notes that such grievances include allegations that Plaintiff is not safe because the guards are trying to poison his food and otherwise kill him. These allegations cause the Court to question the legitimacy of the claims in Plaintiff's Complaint and certainly his state of mind. See Adams, 40 F.3d at 74 (power of the district court to dismiss factually frivolous claims, includes claims that are obviously "fantastic" or "delusional.")

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

**SO ORDERED**.

Signed: October 13, 2009

Graham C. Mullen
United States District Judge

---

[1] Although Plaintiff states that he appealed his grievances to the highest level in the administrative procedure (Complaint at 2), Plaintiff only included copies of his first level grievance procedure. The Court notes that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions.